RUSS, AUGUST & KABAT
Stanton L. Stein (SBN 45997)
 lstein@raklaw.com
Ashely R. Yeargan (SBN 259523)
 ayeargan@raklaw.com
12424 Wilshire Boulevard, 12th Floor
Los Angeles, California 90025
Telephone: (310) 826-7474
Facsimile:(310) 826-6991

Attorneys for Plaintiff AUBREY DRAKE GRAHAM

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUBREY DRAKE GRAHAM, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>GEMMA, LTD., a Hong Kong company; ORI VECHLER, an individual; DOES 1-20, inclusive,<br><br>Defendants. | Case No. 2:21-cv-10037<br><br>**COMPLAINT FOR:**<br><br>**1. VIOLATION OF CALIFORNIA CIVIL CODE § 3344**<br>**2. VIOLATION OF COMMON LAW RIGHT OF PUBLICITY**<br>**3. FALSE ENDORSEMENT UNDER THE LANHAM ACT (15 U.S.C. §1125(A))**<br>**4. DECLARATORY RELIEF**<br><br>**DEMAND FOR JURY TRIAL** |

COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Aubrey Drake Graham ("Drake"), as and for his Complaint against Gemma, Ltd. and Ori Vechler and DOES 1 through 20 inclusive, alleges as follows:

## NATURE OF THE CASE

1. Music superstar Aubrey Drake Graham has perhaps one of the most recognizable -- and commercially valuable -- names and likenesses in the world. For more than a decade, he has worked extremely hard to build an ever-expanding empire in the music, entertainment, fashion and design industries. As part of that process, he has been deliberate and methodical about whether, when, and how to license his rights of publicity to third parties for commercial purposes. He does not do so often and, when he does, it is certainly not free.

2. Recognizing that a license from Drake would be next to impossible to secure, defendants Ori Vechler ("Vechler") and his company Gemma, Ltd. ("Gemma") took Drake's name and likeness and used them to promote Gemma's jewelry for commercial purposes for free. While Drake was briefly a Gemma customer, his status as such did not also include giving Gemma the right to use his name and likeness in a licensing campaign for its products. This is especially the case when Drake is actually dissatisfied with what he received from Gemma, has been attempting to return it and obtain a refund (to no avail), and never would want his name or likeness associated with Vechler or Gemma, or for his fans and the public to think that he is somehow affiliated with them or endorses them.

3. With this action, Drake seeks to set the record straight that he has no affiliation with Vechler, Gemma, or its products and to obtain redress for their blatant and malicious disregard of his valuable rights.

## THE PARTIES

4. Plaintiff Drake is an individual who resides in Los Angeles, California. Drake uses the well-known verified Instagram account name

Russ, August & Kabat

@champagnepapi.  As of the time of this filing, Drake has 99.3 million followers on this Instagram account.

5. Defendant Gemma Ltd. is a company that, upon information and belief based on its website https://www.gemmafj.com and other sources, is based in Hong Kong and specifically advertises and offers its products to consumers throughout the world, including in Los Angeles County.  Gemma operates the Instagram account @gemma_finejewelry which, on information and belief, has followers in Los Angeles, California.  Via its website https://www.gemmafj.com, which is accessible to consumers in Los Angeles, Gemma touts itself as a company with "global presence" that is "consistently traveling the world to respond as seamlessly as possible to [its] customers' needs."

6. Defendant Ori Vechler is an individual who, upon information and belief, resides in Hong Kong.  On information and belief, Ori Vechler is the founder and owner of Gemma.  He operates the verified Instagram account @vechler which, on information and belief, has followers in Los Angeles, California.

7. Drake is unaware of the true names and capacities of the defendants sued herein as Does 1 through 20, inclusive, and therefore sues these parties by such fictitious names.  Collectively, Gemma, Vechler, and Does 1 through 20, inclusive, shall be referred to as "Defendants" herein.  Drake will amend this Complaint to allege their names and capacities when ascertained.  Each such fictitiously-named defendant is responsible in some manner for the damages alleged herein and Drake's losses and damages were proximately caused by such conduct.

8. Drake is informed and believes and on that basis alleges that, at all times mentioned herein, Defendants, and each of them, were the agents, affiliates, subsidiaries, corporate parents, partners, associates, employees, representatives, and/or predecessors or successors-in-interest of the other Defendants, and that said

Defendants acted within the scope and course of that agency, employment, or other relationship, and authorized, approved and/or ratified the conduct alleged herein, and are thus liable for the acts of one another.

## JURISDICTION AND VENUE

9. This Court has jurisdiction pursuant to 28 U.S.C. § 1332, as the matter in controversy exceeds the sum or value of $75,000 exclusive of interest and costs, and the action when filed was between citizens of a State and citizens or subjects of a foreign state (here, a foreign country).

10. This Court also has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a), as this is a civil action arising under federal law, the Lanham Act of 1946 as amended (codified at 15 U.S.C. § 1051, et seq.). Pursuant to 28 U.S.C. § 1367, the Court has supplemental jurisdiction over Drake's pendent state law claims, as they are so related to the federal claim that they form part of the same case or controversy.

11. Venue for this action properly lies in this district pursuant to 28 U.S.C. 1391§§ (b) and (c) because Defendants not resident in the United States may be sued in any judicial district, and because a substantial part of the events or omissions giving rise to the claims arose in this District, specifically in Los Angeles County, California.

## COMMON ALLEGATIONS

12. Drake is an extremely successful rapper, singer, song-writer, producer, and entrepreneur. Over his career, he has released 6 studio albums and numerous mixtapes. He has received 4 Grammys, been nominated for 47, and – in 2019 alone – won 12 Billboard music awards. Drake became the first artist to reach 1 billion streams (with his 2018 album *Scorpion*), and his 2021 album *Certified Lover Boy* helped him claim 9 of the top 10 songs on the Billboard Hot 100 chart. Billboard also honored Drake as the "Artist of the Decade" at its 2021 award show.

13. After years of hard work and investment, Drake has created an empire around his voice, name, likeness, and persona that is extremely valuable and something that he and his team work hard to maintain and protect. Drake does not often enter into endorsement agreements and, when he does, it is only after careful consideration and negotiation.

14. Drake has never licensed his name or likeness in connection with jewelry of any kind. With very limited exceptions related to entities or products in which he has an ownership interest, he also does not advertise products on Instagram. His Instagram account -- @champagnepapi -- is a place where his fans can engage with him and he can post images about things he cares about.

15. Sometime in 2019, Drake reached out to defendant Vechler via Instagram. Via Vechler, Drake ordered three pieces of jewelry from Gemma – (1) a pair of earrings, (2) a ring, and (3) a necklace (collectively, the "Jewelry"). As a down payment for all three items, Drake paid approximately half of the Jewelry's substantial purchase price. Drake and Vechler corresponded regarding these pieces on several occasions, and Vechler personally delivered them to Drake in the United States in or around the first part of 2020.

16. Drake is not satisfied with the Jewelry for several reasons, including that the pieces are not of the nature and quality of what he believed he was buying. Drake has attempted to return the jewelry and obtain a refund of his down payment, but Gemma and Vechler have continuously rebuffed his attempts to do so.

17. Instead, starting in late December 2019 and early 2020, without any license, permission or consent from Drake, both Vechler and Gemma started using Drake's name and likeness for commercial purposes to promote Gemma's business and products.

18. For example, on January 5, 2020, Gemma posted an image of Drake wearing Gemma's jewelry. Gemma captioned the post with a description of the

jewelry in the photograph that touted Drake's purchase of it, and the necklace – "The 'King of Hearts' @champagnepapi Rocking Our 22 Carat Heart Shaped Diamond Ring 💍 And Guess What?  He just Added A 100 Carat Heart Shaped Diamond Necklace to His Collection … @vechler & @gemma_finejewelry #finestdiamondsoutthere."  The image was taken from Drake's Instagram account without permission from, or payment to, the copyright holder of the image.



19.     On February 27, 2020, Gemma posted a four-photo series, captioned as follows: "@champagnepapi Collection of Heart Shape Diamonds Keeps Getting Bigger & Better 👑😍 Drake Was Seen At the Toronto Raptors Game Repping His City and Gemma Fine Jewelry 🙌 We Can't Wait To See What's Next 🤔 @vechler & @gemma_finejewelry #FinestDiamondsOutThere #KingOfHearts."  The images were as follows:



20. The caption to the February 27, 2020 post made it seem like Gemma had a Drake "collection" (under his Instagram name @champagnepapi) and also falsely and misleadingly stated that he was "repping" Gemma while at the game.

21. Gemma's Instagram account also has a "press" section where Gemma posted photographs of Drake wearing Gemma jewelry. Gemma captioned the image on the left "Always rocking his Diamond Heart Shape ring wherever he goes 🔥 @ champagnepapi @vechler." The image on the right says: "@champagnepapi Making sure everyone always remembers he's the 'King of Hearts,'" with an inset of the Gemma necklace in its original packaging.




22. On his own account, on January 4, 2020, Vechler reposted the same image of Drake that was taken from Drake's Instagram account, and added a caption about both the ring and the necklace:



23. On his own account, on January 5, 2020, Vechler posted several images, which included the image he posted on January 4, 2020 and a photograph of himself with Drake:





24. As demonstrated in the images above, Vechler's January 5, 2020 post was tagged as being posted while Vechler was in Los Angeles, California.

25. On January 6, 2020, Vechler posted a promotional video called "The Making of 'King of Hearts'" that was captioned "Step Into This Behind the Scenes Exclusive Footage Of Our 'King of Hearts' Necklace, #TailorMade for @ChampagnePapi."



26. On his own account, on January 19, 2020, Vechler posted the following image of Drake wearing Gemma's necklace and earrings:



27. On February 27, 2020, Vechler posted the following stylized images of the jewelry with insets of Drake wearing the pieces in public, again characterizing the pieces as an "@champagnepapi Collection":

11
COMPLAINT AND DEMAND FOR JURY TRIAL

 

28. Vechler again invoked Drake on February 4, 2021, showing the same image of the necklace with a reference to Drake's shortened Instagram name, Papi.



29. Collectively, the posts by Gemma and Vechler that are set forth above in Paragraphs 18-19, 21-23, and 25-28 shall be referred to herein as "the Posts."

Russ, August & Kabat

30. The Posts were directed to, and viewed by, consumers in Los Angeles, California.

31. The Posts gave the false impression that Drake endorses Gemma, or otherwise gave Gemma the right to use his name and likeness for a commercial purpose. To be clear – there is no relationship between Drake and Gemma (or Vechler), there was no license or permission whatsoever, and any license would have cost Gemma and Vechler a substantial sum.

## FIRST CAUSE OF ACTION

### Violation of California Civil Code Section 3344

### (Against All Defendants)

32. Drake realleges and incorporates by reference the allegations set forth above in Paragraphs 1-31, inclusive, as though set forth in full.

33. Drake is the owner of all statutory and common law rights associated with his name, image, likeness, and/or persona.

34. Defendants have willfully and without authorization used Drake's name, image, likeness and persona in the Posts for commercial purposes, to advertise Gemma's brand and to promote the sale of Gemma's products.

35. Drake is readily identifiable in the photographs Defendants used in the Posts.

36. Defendants' unauthorized uses of Drake's name, image, likeness, and persona in the Posts constitute a commercial misappropriation in violation of California Civil Code Section 3344.

37. As a direct and proximate result of Defendants' wrongful conduct, Drake has suffered, and will continue to suffer, damages in an amount in excess of this Court's jurisdictional minimum, the exact amount of which will be proven at trial.

38. Defendants have further been unjustly enriched by their misappropriation of Drake's statutory rights of publicity. Accordingly, Drake is

entitled to restitution of all income, profits and other benefits resulting from Defendants' conduct, in an amount to be determined according to proof at trial.

39. Defendants' actions as alleged were malicious, oppressive, and fraudulent, and done with the intent to injure Drake and with a willful and conscious disregard for Drake's rights. As a result, Drake is entitled to recover from Defendants punitive and exemplary damages in an amount sufficient to punish and deter them and others from engaging in such acts in the future.

40. Defendants' actions have further caused and will continue to cause irreparable injury to Drake that cannot be remedied by an award of monetary damages alone. Drake is therefore entitled to preliminary and permanent injunctive relief preventing the continuing infringement of his right of publicity.

41. Defendants' conduct further entitles Drake to an award of attorneys' fees and costs pursuant to California Civil Code Section 3344.

## SECOND CAUSE OF ACTION

### Violation of Common Law Right of Publicity

### (Against All Defendants)

42. Drake realleges and incorporates by reference the allegations set forth above in Paragraphs 1-41, inclusive, as though set forth in full.

43. Drake is the owner of all statutory and common law rights associated with his name, image, likeness, and/or persona.

44. Based on Drake's hard work and use of his talents in the music and entertainment fields, his name, photograph, image, identity and persona have become, and remain, extremely valuable worldwide and are invested with substantial goodwill in the eyes of the public. Accordingly, Drake has a valuable right of publicity, a property right with substantial commercial value, which he has not agreed to license or transfer, in whole or in part, to Defendants, or any of them for any purpose whatsoever.

45. Defendants have willfully and without authorization used Drake's name, image, likeness and persona in the Posts for commercial purposes, to advertise Gemma's brand and to promote the sale of Gemma's products.

46. Defendants' unauthorized uses of Drake's name, image, likeness, and persona in the Posts constitute violations of California's common law right of publicity.

47. As a direct and proximate result of Defendants' wrongful conduct, Drake has suffered, and will continue to suffer, damages in an amount in excess of this Court's jurisdictional minimum, the exact amount of which will be proven at trial.

48. Defendants have further been unjustly enriched by their misappropriation of Drake's common law right of publicity. Accordingly, Drake is entitled to restitution of all income, profits and other benefits resulting from Defendants' conduct, in an amount to be determined according to proof at trial.

49. Defendants' actions as alleged were malicious, oppressive, and fraudulent, and done with the intent to injure Drake and with a willful and conscious disregard for Drake's rights. As a result, Drake is entitled to recover from Defendants punitive and exemplary damages in an amount sufficient to punish and deter them and others from engaging in such acts in the future.

50. Defendants' actions have further caused and will continue to cause irreparable injury to Drake that cannot be remedied by an award of monetary damages alone. Drake is therefore entitled to preliminary and permanent injunctive relief preventing the continuing infringement of his right of publicity.

### THIRD CAUSE OF ACTION

**False Endorsement Under the Lanham Act (15 U.S.C. § 1125(A))**

**(Against All Defendants)**

51. Drake realleges and incorporates by reference the allegations set forth above in Paragraphs 1-50, inclusive, as though set forth in full.

52. Drake is the owner of all statutory and common law rights associated with his name, image, likeness, and persona necessary for endorsement deals, including the right to decide whether to associate his name, image, likeness or persona with any third party for purposes relating to sponsorship and/or endorsement.

53. Defendants have willfully and without authorization used in the Posts Drake's name, image, likeness and persona for commercial purposes, to advertise Gemma's brands and to promote the sale of Gemma's products in interstate commerce.

54. Defendants' unauthorized uses constitute false or misleading representations of fact to falsely imply the endorsement of Defendants' businesses and products by Drake.

55. Defendants' unauthorized uses of Drake's name and likeness are likely to confuse and deceive customers as to Drake's sponsorship and/or endorsement or affiliation with Gemma's products. Specifically, Defendants' uses of Drake's name and likeness are likely to cause consumers to mistakenly believe that he is associated with Gemma, or that he sponsors or endorses Gemma and its jewelry, which is false.

56. As a direct and proximate result of the acts of false endorsement set forth above, Drake has suffered damages in an amount in excess of this Court's jurisdictional minimum, the exact amount of which will be proven at trial.

57. Drake is entitled to the full range of relief available under the Lanham Act, 15 U.S.C. § 1117, including, without limitation, an award of actual damages and the disgorgement of Defendants' profits arising from their false or misleading acts.

58. Defendants' egregious conduct further renders this an "exceptional" case that entitles Drake to an award of attorneys' fees and costs.

59.     Defendants maliciously, knowingly, and willfully used Drake's name and likeness without his permission knowing that doing so would be likely to cause consumers to falsely believe that Drake endorses their brand and products.  As a result Drake is entitled to an award of treble damages.

## FOURTH CAUSE OF ACTION

### Declaratory Relief

### (Against Defendant Gemma)

60.     Drake realleges and incorporates by reference the allegations set forth above in Paragraphs 1-59, inclusive, as though set forth in full.

61.     Drake is not satisfied with the Jewelry delivered by Gemma and has sought to return it on multiple occasions, because, among other things, the pieces are not of the nature and quality of what he believed he was buying.  While simultaneously deceiving the public to believe that Drake endorses its products, and using his name and likeness to bolster their own sales, Gemma refuses to accept a return and seeks payment in full from Drake.

62.     Accordingly, there exists an actual controversy between Drake and Gemma concerning their respective rights, in that Drake contends that he should be entitled to return the Jewelry, receive a refund of what he paid toward its full purchase price, and should not be required to pay the balance due, whereas Gemma disputes these contentions, refuses to accept a return, refuses to give Drake any portion of his money back, and contends Drake owes more money for the Jewelry.

63.     Absent intervention by a Court, the parties are in stalemate, as Gemma is holding Drake's money and refuses to accept a return of the items so that they can be resold.  Thus, declaratory relief is necessary and appropriate at this time in order for the parties to ascertain their respective rights and obligations with regard to the Jewelry.

64.     Accordingly, pursuant to California Code of Civil Procedure Section 1060, Drake desires a judicial determination by this Court that (1) Drake is under

no legal obligation to accept and pay for the Jewelry, (2) Gemma must accept his return of the Jewelry and refund him what he paid as a down payment, and (3) nothing further is owed by Drake to Gemma.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Drake prays for judgment against each of the Defendants as follows:

1. For general, compensatory and incidental damages against Defendants in an amount established at trial;

2. For punitive damages in connection with the first and second claims for relief;

3. For treble damages in connection with the third claim for relief;

4. For an accounting by Defendants of all gross revenues and profits received, directly or indirectly, by each of said Defendants as a result of the unauthorized commercial exploitation of Drake's name, image, likeness and/or persona;

5. For an order of the Court requiring Defendants to disgorge to Drake all monies received, directly or indirectly, by each of said Defendants as a result of the unauthorized commercial exploitation of Drake's name, image, likeness and persona and, pending such an order, for an order imposing a constructive trust for Drake on all such monies;

6. For an injunction preventing Defendants, and each of them, and their agents and employees, from using, posting, displaying, disseminating, or publishing advertisements or marketing materials with Drake's name, image, likeness and persona; making any statements that suggest any affiliation with or endorsement of Defendants by Drake; and from making any further or other use of Drake's name, image, likeness and persona for commercial purposes;

7. For a judicial declaration that (1) Drake is under no legal obligation to accept and pay for the Jewelry, (2) Gemma must accept his return of the Jewelry

RUSS, AUGUST & KABAT

and refund him what he paid as a down payment, and (3) nothing further is owed by Drake to Gemma;

8. For reimbursement of attorneys' fees as permitted by law;

9. For costs of suit;

10. For interest on the above-requested damages at the maximum rate provided by law; and

11. For such other and further relief as the Court deems just and proper.

Dated: December 30, 2021                    RUSS, AUGUST & KABAT

By: _____
Stanton L. Stein
Ashley R. Yeargan
Attorneys for Plaintiff AUBREY
DRAKE GRAHAM

19
COMPLAINT AND DEMAND FOR JURY TRIAL

## JURY DEMAND

Plaintiff Aubrey Drake Graham hereby demands a trial by jury on all matters and issues so triable.

Dated: December 30, 2021     RUSS, AUGUST & KABAT

By: _____
Stanton L. Stein
Ashley R. Yeargan
Attorneys for Plaintiff AUBREY DRAKE GRAHAM